UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| POLLY NELSON, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | NO. 3:15-cv-00985 |
| ) | JUDGE CRENSHAW |
| BRAIN STATE ) | |
| TECHNOLOGIES, LLC, *et. al.*, ) | |
| ) | |
| DEFENDANTS. | |

## MEMORANDUM OPINION

Plaintiff Polly Nelson filed this action against Defendants Brain State Technologies, LLC, Braintellect, LLC, and Lee Gerdes, (collectively "BST") alleging state law violations arising from a license agreement. Before the Court is BST's motion to dismiss, or in the alternative to transfer the venue to the United States District Court in the District of Arizona. (Doc. No. 10). For the following reasons, BST's motion is **granted in part** with respect to transferring venue to the District of Arizona, and **denied in part without prejudice** with respect to dismissing the complaint.

I.  ALLEGATIONS

On December 9, 2008, Nelson entered into a license agreement with Brain State Technologies to use its license. (Doc. No. 1 at 2; Doc. No. 11-1 at 2.) The license agreement included a choice of law and choice of venue provision, stating that it is to "be construed and controlled by the laws of the State of Arizona, and Licensee consents to exclusive jurisdiction and venue in the federal courts sitting in Maricopa County, Arizona . . . ." (Doc. No. 11-1 at 6.) It specifically stated that the provision "shall apply to any claim in any way relating to or arising out

of this Agreement." (Id.). On August 31, 2015, Nelson terminated all of her licenses. (Doc. No. 1 at 3.)

On September 14, 2015, Nelson filed suit against BST, alleging that BST fraudulently sold her a franchise while denying that it was selling her a franchise. (Doc. No. 1.) She alleges that this fraudulent action violates Tennessee law. (Id.).

## II. STANDARD OF REVIEW

Under the diversity jurisdiction statute, "the enforceability of the forum selection clause is governed by federal law." Wong v. PartyGaming Ltd., 589 F.3d 821, 828 (6th Cir. 2009). When evaluating the forum selection clause, the court must consider three factors: "(1) whether the clause was obtained by fraud, duress, or other unconscionable means; (2) whether the designated forum would ineffectively or unfairly handle the suit; and (3) whether the designated forum would be so seriously inconvenient such that requiring the plaintiff to bring suit there would be unjust." Id.

## III. ANALYSIS

In this case, BST argues that all three factors weigh in favor of enforcing the forum selection clause in the license agreement, and asks the Court to transfer this case to the District of Arizona. (Doc. No. 11 at 19-25.) In her response, Nelson argues that the forum selection clause is (1) void as a matter of public policy because state law voids the clause, and (2) void because the contract was entered into fraudulently. (Doc. No. 13-15.)

The first factor the Court must apply to the forum selection clause weighs in favor of BST. Under this factor, "general claims of fraud [] do not suffice to invalidate the forum selection clause." Id. (quoting Preferred Capital, Inc. v. Assocs. Of Urology, 453 F.3d 718, 722 (6th Cir. 2006). An example of fraud inducing the forum selection clause is "where the party seeking to enforce the clause had affirmatively represented that disputes would be resolved in a forum

different from that dictated by the forum selection clause." Id. (citing Great Earth Cos. V. Simons, 288 F.3d 878, 884, 890 (6th Cir. 2002)). Here, Nelson only argues that the entire contract is void because BST fraudulently induced her to enter into the contract. (Doc. No. 13 at 14.) This allegation of general fraud in entering the contract—rather than specific fraud in inducing the forum selection clause—is legally insufficient to weigh against enforcing the forum selection clause. Id. As there is no allegation that BST represented to Nelson that she would be able to resolve disputes in a different forum, this factor weighs in favor of enforcing the forum selection clause.

The second factor also weighs in favor of enforcing the forum selection clause. Under this factor, Nelson cannot rely only on allegations that different or less favorable laws in Arizona may govern a suit in Arizona. Id. at 829 (citing Shell v. R.W. Sturge, Ltd., 55 F.3d 1227, 1230 (6th Cir. 1995)). Rather, "the foreign law must be such that a risk exists that the litigants will be denied any remedy or will be treated unfairly." Id. Nelson does not argue that Arizona will deny her any remedy or treat her unfairly. Therefore, this factor weighs in favor of enforcing the forum selection clause.

Finally, the third factor weighs in favor of enforcing the forum selection clause. Here, Nelson "must show that enforcement of the clause would be so inconvenient such that its enforcement would be unjust or unreasonable." Id. (citing Assocs. Of Urology, 453 F.3d at 722-23). Mere inconvenience is not sufficient; Nelson must show that she was "exploited or unfairly treated" by agreeing to the forum selection clause. Id. (citing Gen. Elec. Co. v. G. Siempelkamp GmbH & Co., 29 F.3d 1095, 1099 (6th Cir. 1994)). Nelson has not carried her "heavy burden" of showing that enforcing the forum selection clause would be "unjust or unreasonable." Id.

(quoting Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 594 (1991)). This factor favors enforcing the forum selection clause.

IV.     CONCLUSION

All three factors weigh in favor of enforcing the forum selection clause. BST's motion to transfer the case to the United States District Court for the District of Arizona (Doc. No. 10) is **GRANTED**. Venue is not proper in this district, the Court declines to decide the merits of the motion to dismiss. Therefore, the motion to dismiss is **DENIED WITHOUT PREJUDICE** to BST refiling the motion in the District of Arizona.

The Court will file an appropriate order.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE